IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, <br>     *Plaintiff*, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO., LTD. and HUAWEI TECHNOLOGIES USA INC., <br>     *Defendants.* | § § § § § § § § § § § § § § | CIVIL ACTION 6:20-cv-00533-ADA <br> CIVIL ACTION 6:20-cv-00534-ADA <br> CIVIL ACTION 6:20-cv-00535-ADA <br> CIVIL ACTION 6:20-cv-00536-ADA <br> CIVIL ACTION 6:20-cv-00537-ADA <br> CIVIL ACTION 6:20-cv-00538-ADA <br> CIVIL ACTION 6:20-cv-00539-ADA <br> CIVIL ACTION 6:20-cv-00540-ADA <br> CIVIL ACTION 6:20-cv-00541-ADA <br> CIVIL ACTION 6:20-cv-00542-ADA <br> CIVIL ACTION 6:20-cv-00543-ADA <br> CIVIL ACTION 6:20-cv-00544-ADA |
|---|---|---|

**SCHEDULING ORDER**

| Deadline | Item |
|---|---|
| October 9, 2020 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| October 30, 2020 | Deadline for Motions to Transfer, and deadline for parties to submit an agreed Scheduling Order. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add claims requires leave of court so that the Court can address any scheduling issues.

| Deadline | Item |
|---|---|
| December 7, 2020 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the complaint, unless the parties agree to some other timeframe. |
| December 21, 2020 | Parties exchange claim terms for construction. |
| January 08, 2021 | Parties exchange proposed claim constructions. |
| January 15, 2021 | Parties disclose extrinsic evidence.  Parties disclose extrinsic evidence.  The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2]  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| January 22, 2021 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| February 5, 2021 | Plaintiff files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| March 5, 2021 | Defendant files Responsive claim construction brief. |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| Deadline | Item |
|---|---|
| March 19, 2021 | Plaintiff files Reply claim construction brief. |
| April 2, 2021 | Defendant files Sur-Reply claim construction brief. |
| April 5, 2021 | Parties submit Joint Claim Construction Statement<br><br>See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| April 9, 2021 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed). The parties shall also jointly submit, via USB drive, Box (not another cloud storage), or email to the law clerk, pdf versions of all as-filed briefing and exhibits. |
| April 15-16, 2021 | *Markman* Hearing |
| April 19, 2021 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| May 28, 2021 | Deadline to add parties. |
| June 11, 2021 | Deadline to serve Final Infringement and Invalidity Contentions.  After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions.  This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| August 6, 2021 | Deadline to amend pleadings.  A motion is not required unless the amendment adds patents or claims. |
| October 15, 2021 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue.  Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| November 12, 2021 | Close of Fact Discovery. |

| **Deadline** | **Item** |
|---|---|
| November 19, 2021 | Opening Expert Reports. |
| December 17, 2021 | Rebuttal Expert Reports. |
| January 14, 2022 | Close of Expert Discovery. |
| January 21, 2022 | Deadline for the second of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| January 28, 2022 | Dispositive motion deadline and *Daubert* motion deadline. |
| February 4, 2022 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| February 18, 2022 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| February 25, 2022 | Serve objections to rebuttal disclosures and File Motions *in limine*. |
| March 4, 2022 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| March 11, 2022 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |

| Deadline | Item |
|---|---|
| March 22, 2022 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| March 25, 2022, or as otherwise set by the Court | Final Pretrial Conference. |
| April 11, 2022, or as otherwise set by the Court | Jury Selection/Trial for the first of the consolidated cases. July Selection/Trial for the remaining consolidated cases will be determined at the Final Pretrial Conference. |
| | |

SIGNED this __6th__ day of ____November____, 2020

_____
**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** § | CIVIL ACTION 6:20-cv-00533-ADA |
| **BRAZOS LICENSING AND** § | CIVIL ACTION 6:20-cv-00534-ADA |
| **DEVELOPMENT,** § | CIVIL ACTION 6:20-cv-00535-ADA |
| *Plaintiff,* § | CIVIL ACTION 6:20-cv-00536-ADA |
| § | CIVIL ACTION 6:20-cv-00537-ADA |
| § | CIVIL ACTION 6:20-cv-00538-ADA |
| v. § | CIVIL ACTION 6:20-cv-00539-ADA |
| § | CIVIL ACTION 6:20-cv-00540-ADA |
| § | CIVIL ACTION 6:20-cv-00541-ADA |
| **HUAWEI TECHNOLOGIES CO.,** § | CIVIL ACTION 6:20-cv-00542-ADA |
| **LTD. and HUAWEI** § | CIVIL ACTION 6:20-cv-00543-ADA |
| **TECHNOLOGIES USA INC.,** § | CIVIL ACTION 6:20-cv-00544-ADA |
| *Defendants.* § | |

## DISCOVERY ORDER

Following the *Markman* hearings, and pursuant to the Court's Order Governing Proceedings, the following discovery limits will apply to the twelve cases referenced above:

- **Interrogatories**: 8 common interrogatories per side (which can be used across all of the twelve cases above) and 12 case-specific interrogatories (which can be used only for that specific case);

- **Requests for Admission**: 10 common RFAs (which can be used across all of the twelve cases above) and 20 case-specific RFAs (which can be used only for that specific case);

- **Requests for Production**: 10 common RFPs (which can be used across all of the twelve cases above) and 35 case-specific RFPs (which can be used only for that specific case);

- **Fact (Party) Depositions**: 10 common hours per side (which can be used across all of the twelve cases above) and 21 case-specific hours (which can be used only for that specific case);
- **Fact (Third-Party) Depositions**: 21 case-specific hours (which can be used only for that specific case);

- **Expert Depositions**: 7 hours per expert/per report (unless the expert is opining in numerous cases, in which case expert depositions are limited to 7 hours per expert/per report for the first case, and 4 additional hours for each additional case in which the expert provides a report).

SIGNED this __6th__ day of __November__, 2020

_____
**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § | CIVIL ACTION 6:20-cv-00533-ADA CIVIL ACTION 6:20-cv-00534-ADA CIVIL ACTION 6:20-cv-00535-ADA |
| *Plaintiff*, | § § | CIVIL ACTION 6:20-cv-00536-ADA CIVIL ACTION 6:20-cv-00537-ADA |
| | § | CIVIL ACTION 6:20-cv-00538-ADA |
| v. | § § § | CIVIL ACTION 6:20-cv-00539-ADA CIVIL ACTION 6:20-cv-00540-ADA CIVIL ACTION 6:20-cv-00541-ADA |
| HUAWEI TECHNOLOGIES CO., LTD. and HUAWEI TECHNOLOGIES USA INC., | § § § | CIVIL ACTION 6:20-cv-00542-ADA CIVIL ACTION 6:20-cv-00543-ADA CIVIL ACTION 6:20-cv-00544-ADA |
| *Defendants.* | § | |

## *MARKMAN* PROCEDURE

Pursuant to the Court's Order Governing Proceedings, and the limits on the number of claim terms to be construed and page limits for *Markman* briefs contained therein, the following grouping of the twelve cases and the patents asserted therein will apply for purposes of the *Markman* proceedings, as if the groups below were individual cases:

- **Group 1**:

The -537 and -539 cases;

- **Group 2:**

The -541 and -544 cases;

- **Group 3**:

The -540, -543, -533, and -535 cases;

- **Group 4**

The -534, -538, -536, and -542 cases.

SIGNED this __6th__ day of __November__, 2020

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE