**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 6:20-CV-539-ADA |
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI TECHNOLOGIES USA INC., HUAWEI DEVICE CO. LTD. (F/K/A HUAWEI DEVICE (DONGGUAN) CO.), HUAWEI DEVICE (SHENZHEN) CO., LTD. (F/K/A HUAWEI DEVICE CO., LTD.), HUAWEI DEVICE USA, INC. | § § § § § § § | |
| Defendants. | § § | |

**DEFENDANTS' SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF
REGARDING U.S. PATENT NO. 8,200,224**

Pursuant to the Court's request, Defendants Huawei Technologies USA Inc., *et al.* (collectively, "Huawei") respectfully submit this Supplemental Claim Construction Brief Regarding U.S. Patent No. 8,200,224.

A claim is indefinite where it recites both a system and a method for using that system. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005). Such a claim is indefinite because it is "unclear whether infringement ... occurs when one creates a[n infringing] system, or whether infringement occurs when the user actually uses [the system in an infringing manner]." *Ultimate-Pointer, L.L.C. v. Nintendo Co.*, 816 F.3d 816, 826 (Fed. Cir. 2016) (alteration in original) (quoting *IPXL*, 430 F.3d at 1384). Pursuant to this authority, certain claims of U.S. Patent No. 8,200,224 ("the '224 patent) are indefinite, as set forth below.

**A.    *Claim 15 of the '224 Patent is Invalid for Mixing Method Steps with a System Claim***

Claim 1 of the '224 Patent recites a method comprising a series of steps.  Claim 15, dependent on claim 1, clearly and intentionally mixes that method with an apparatus, further reciting a "computer program product stored on a storage medium" that causes a base station to perform the method of claim 1 using "executable program means."  The statutorily required interpretation of a dependent claim is that it "shall contain a reference to a claim previously set forth and then specify a further limitation of the subject matter claimed," and that it "shall be construed to incorporate by reference all the limitations of the claim to which it refers."  35 U.S.C. § 112(d).  Given that claim 15 must further limit claim 1 and not merely replace it, claim 15 requires *both* the performance of the method steps of claim 1 *and* the further limitation of a computer program product with executable means causing a base station to execute those method steps.  Under the authority of *IPXL*, claim 15 is therefore invalid for mixing together a system and a method for using that system.  *IPXL*, 430 F.3d at 1383-84; *In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303, 1318 (Fed. Cir. 2011).[1]

While "apparatus claims are not necessarily indefinite for using functional language," *see Microprocessor Enhancement Corp. v. Tex. Instruments Inc. (MEC),* 520 F.3d 1367, 1375 (Fed. Cir. 2008), this is not simply a case of an apparatus claim using functional language.  Instead, claim 15 requires both the performance of the method (as recited in claim 1), *and* an apparatus capable of executing that method (as further recited in claim 15).  Similarly, this is not a case where a claim is only "limited to practicing the claimed method in a" device possessing a certain

---

[1]      Huawei further notes that claim 14 of the '224 patent likewise requires the "method of claim 1 implemented in a base station *being operable to perform that method,*" and therefore is similarly indefinite and invalid.

structure.  *Id.*  Claim 15 is written in apparatus format, indicating *capability* to perform the claimed method in addition to *active performance* of the method recited in Claim 1.

Claim 15 recites that the product comprises "means for causing a base station *to perform the method when the program is run*."  '224 Patent, Claim 15 (emphasis added).[2]  This language recites the capability of causing performance of the method on a base station in the future, which requires an apparatus-claim infringement analysis.  Meanwhile, Claim 15, by its dependent nature, also incorporates the method of claim 1, which requires a method-claim infringement analysis.  It is therefore unclear to an alleged infringer whether infringement hinges on performance of the method steps of claim 1, consistent with the requirements of active performance, or by creation of the base station system software of claim 15, requiring merely the sale, use, or importation of that system software.  This lack of clarity is precisely what the court in *IPXL* found to be indefinite.  *See e.g., In re Katz*, 639 F.3d at 1318 (invaliding claims that "create confusion as to when direct infringement occurs because they are directed both to systems and to actions").

Either claim 14 or 15 could have been written in independent form, reciting a base station or base station system software with similar capabilities as to the steps recited in claim 1, thus obviating this issue.  However, the patentee failed to properly draft the claims in this form, and the Federal Circuit has "repeatedly and consistently has recognized that courts may not redraft claims, whether to make them operable or to sustain their validity."  *Chef Am., Inc. v. Lamb–Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004); *see also Pfizer, Inc. v. Ranbaxy Labs Ltd.*, 457 F.3d 1284, 1292 (Fed. Cir. 2006) ("Indeed, claim 6 could have been properly drafted either as dependent from

---

[2]        Indeed, the very nature of implementing something in a "computer program product stored on a storage medium" indicates that software has been recorded onto the storage medium so it can be run in the future, as opposed to actively performing the steps.

claim 1 or as an independent claim … But, we 'should not rewrite claims to preserve validity.'") (*quoting Nazomi Commc'ns, Inc. v. Arm Holdings, PLC*, 403 F.3d 1364, 1368 (Fed. Cir. 2005)).

Moreover, redrafting claims 14 and 15 to comprise a base station or system software requiring only *capability* to perform the method steps of claim 1 and not the *actual performance* of those steps would *broaden* those dependent claims and render them invalid for failure to comply with required narrowing form of dependent claims. *See Pfizer,* 457 F.3d at 1291 (finding a dependent claim invalid for failure to comply with Section 112 dependent claim format because "claim 6 does not narrow the scope of claim 2; instead, the two claims deal with non-overlapping subject matter."). Thus, claims 14 and 15 of the '224 patent comprise both the method of claim 1 and the product or system of claims 14 and 15, in violation of *IPXL*. As such, Huawei respectfully requests that this Court hold claims 14 and 15 of the '224 Patent invalid on that basis.

**B.    *The Presence of the "Base Station" Does Not Impact the Means-Plus-Function Analysis***

As to the Court's second question, regarding whether the "base station" in claim 15 can provide sufficient structure to overcome the presumption of Section 112, Paragraph 6, Huawei does not believe that the base station can serve this purpose. As a preliminary matter, and as noted above, the base station of dependent claim 15 must provide some new limitation or functionality— whether hardware or software—to perform the method steps of claim 1. Further, the agreed function of the "executable program means" is that it is "***causing*** a base station" to perform the method of claim 1. Thus, even if the base station had the capability to perform the method steps of claim 1, claim 15 separately requires "program means" (*i.e.*, software written in means-plus-function form) to cause that base station to carry out those steps. Therefore, the corresponding structure for the means term above cannot be the base station alone, and instead must further be the "means for" causing that base station to perform the recited steps. Additional supporting structure is therefore required for accomplishing that claimed function to create the system of claim

15, and thus Huawei contends that the "executable program means" term of claim 15 should still be construed pursuant to Section 112, Paragraph 6.


Dated:  May 7, 2021                      Respectfully submitted,

                                         */s/ Justin R. Lowery*
                                         Jason W. Cook
                                         Texas Bar No. 24028537
                                         Shaun W. Hassett
                                         Texas Bar No. 24074372
                                         MCGUIREWOODS LLP
                                         2000 McKinney Avenue, Suite 1400
                                         Dallas, TX 75201
                                         Telephone: (214) 932-6400
                                         Facsimile: (214) 932-6499
                                         jcook@mcguirewoods.com
                                         shasset@mcguirewoods.com

                                         Tyler T. VanHoutan
                                         Texas Bar No. 24033290
                                         MCGUIREWOODS LLP
                                         600 Travis St., Suite 7500
                                         Houston, TX 77002
                                         Telephone: (713) 571-9191
                                         Facsimile: (713) 571-9652
                                         tvanhoutan@mcguirewoods.com

                                         Justin R. Lowery (pro hac vice)
                                         MCGUIREWOODS LLP
                                         800 East Canal Street
                                         Richmond, VA 23219
                                         Telephone: (804) 775.1000
                                         Facsimile: (804) 775.1061
                                         jlowery@mcguirewoods.com

                                         Kuan-Chieh Tu
                                         Texas Bar No. 24090443
                                         MCGUIREWOODS LLP
                                         2 Embarcadero Center, Suite 1300
                                         San Francisco, CA 94111
                                         Telephone: (415) 490-0918
                                         Facsimile: (415) 844-1928
                                         gtu@mcguirewoods.com

J. Mark Mann
Texas Bar No. 12926150
G. Blake Thompson
Texas Bar No. 24042033
**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
mark@themannfirm.com
blake@themannfirm.com

*Defendants Huawei Technologies Co., Ltd.,*
*Huawei Technologies USA Inc., Huawei*
*Device Co. Ltd., Huawei Device (Shenzhen)*
*Co., Ltd., and Huawei Device USA, Inc.,*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on May 7, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system

*/s/ Justin R. Lowery*
Justin R. Lowery